IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAURI A. FERARRI, | CV 16-81-JTJ |
| Plaintiff, | |
| vs. | **ORDER** |
| NANCY BERRYHILL, Commissioner of Social Security Administration, | |
| Defendant. | |

## I.  SYNOPSIS

On November 3, 2014, the ALJ determined that Ms. Ferrari was not under a

disability as defined in the Social Security Act. She appealed the ALJ's decision.

On May 20, 2016, the Appeals Council denied her request for review, making the

ALJ's determination the final decision of the Commissioner of the Social Security

Administration. The Commissioner determined Ms. Ferrari has the residual

functional capacity to perform past relevant work and other work that exists in

significant numbers in the national economy, despite severe impairments, and,

therefore, is not disabled and not entitled to SSI benefits.  The Commissioner's

determination is supported by substantial evidence and is not based on legal error.

Thus, the Court denies Mr. Ferrari's Motion for Summary Judgment and enters

judgment in favor of the Commissioner.

## II.  JURISDICTION

Although Ms. Ferrari's opening brief failed to include a statement indicating that the Great Falls Division of the District of Montana is the proper venue for this action, the record indicates when she commenced this action, she was a resident of Sun River, Montana, which is in the Great Falls Division. 42 U.S.C. 405(g); Local Rule 1.2(c)(3). The parties consented to the undersigned entering judgment in this matter under 28 U.S.C. § 636(c). Fed R. Civ. P 73.

## III.  STANDARDS

### A.  Court's role

Review in this case is limited.  The Court may set aside the Commissioner's decision only when substantial evidence does not support the decision or the when the decision is based on legal error.  *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Hum. Services*, 846 F.2d 573, 576 (9th Cir. 1988).

The district court must consider the record as a whole, weighing both the

evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## B. Disability criteria

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months"; and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382a(3)(A)-(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof for steps one through

four, and the Commissioner bears the burden of proof for step five.  *Id.* at 954.

The five steps of the inquiry are:

1.    Is the claimant presently working in a substantially gainful activity?  If so, the claimant is not disabled within the meaning of the Social Security Act.  If not, proceed to step two.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2.    Is the claimant's impairment severe?  If so, proceed to step three.  If not, the claimant is not disabled.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3.    Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4.    Is the claimant able to do any work that he or she has done in the past?  If so, the claimant is not disabled.  If not, proceed to step five.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5.    Is the claimant able to do any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Id*.

## IV.  BACKGROUND

### A.    Procedural history

Ms. Ferrari, who was born on May 8, 1972, first applied for disability benefits on June 6, 2013. (Doc. 8 at 18.) She alleged her disability began the same day. (*Id*.) On August 7, 2013, her claims were denied. (*Id*.) Her claims were denied again upon reconsideration on October 24, 2013. (*Id*.) Ms. Ferrari then filed a

written request for a hearing before an ALJ. (*Id*.) She appeared with counsel and testified at a hearing on July 15, 2014. (*Id*.)

## B.    ALJ's determination

At step one, the ALJ determined that MS. Ferrari had not engaged in substantial gainful activity since her alleged onset date of June 6, 2013. (*Id.* at 24.)

At step two, the ALJ determined that as Ms. Ferrari has the following severe impairments that have a significant effect on her ability to perform basic work activities: polyarthralgia and minimal degenerative disc disease of the lumbar spine. (*Id.*) The ALJ acknowledged that she also has diverticulitis and dyspareunia. (*Id*.) The ALJ, however, did not find that these impairments have a significant impact on Ms. Ferrari's ability to perform basic work activities. (*Id*.)

At step three, the ALJ evaluated Ms. Ferrari's impairments and determined that she does not have an impairment or combination of impairments that meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, or Appendix 1. (*Id.* at 23.)

Before considering step four, the ALJ determined that Ms. Ferrari has the residual functional capacity to perform only light work with the following exceptions: "she can frequently climb ramps, stairs, ladders, ropes, and scaffolds" and can "frequently balance, stoop, kneel, crawl, and crouch. (*Id*.) The ALJ also

noted that Ms. Ferrari "must avoid concentrated exposure to extreme cold and vibrations." (*Id.*)

At step four the ALJ then determined that Ms. Ferrari's residual functional capacity did not preclude her from performing past relevant work as a medical transcriber. (*Id.* at 27.) The ALJ also noted that with this residual functional capacity Ms. Ferrari could also perform the following jobs that exist in significant numbers in the national economy: office helper, housekeeper, and cashier. (*Id.* at 28.) These findings led the ALJ to conclude that she did not meet the Social Security Act's definition of disabled. (*Id.*)

## C.     Ms. Ferrari's Position

Ms. Ferrari argues that the ALJ erred in determining that she did not meet the Social Security Act's definition of disabled. She argues that (1) the ALJ erred at Step 2 by failing to categorize her diverticulitis and anxiety/depression as severe impairments; (2) the ALJ's residual functional capacity assessment is not supported by substantial evidence and is also contrary to law; and (3) remand is appropriate to consider new and material evidence, which is retrospective as to her medical conditions. (Doc. 12 at 2.)

## D.     The Commissioner's Position

The Commissioner argues that (1) the ALJ properly assessed Mr. Ferrari's

severe impairments, (2) the ALJ's determination of Ms. Ferrari's residual functional capacity is supported by substantial evidence and not based on legal error, and (3) the Court should not consider Ms. Ferrari's extra-record evidence, or if it does, should consider the extra-record evidence under the standards for new evidence and not as if it were part of the original record.

## V.  ANALYSIS

The Court determines that (1) the ALJ properly determined Ms. Ferrari's severe impairments; (2) the ALJ's assessment of Ms. Ferrari's residual functional capacity is supported but substantial evidence and not based on legal error; and (3) the evidence Ms. Ferrari submitted along with her briefs in this matter are not a part of the administrative record before the Court.

### A.    The ALJ's determination of Ms. Ferrari's severe impairments

#### 1.    Legal Standards

The Social Security Act requires the ALJ to determine whether the claimant has a severe medically determinable impairment at step two of the evaluation process. 20 C.F.R. § 404.1520(a)(4)(ii). The Act defines a severe impairment as an impairment, or combination of impairments, that significantly limits a claimant's ability to perform basic work activities for at least a twelve month period. *Id.* §§ 404.1520(c), 404.1521. A medically determinable impairment is one that is

"established by medical evidence consisting of signs, symptoms, and laboratory findings." *Id.* § 404.1508. A "non-severe" impairment must be only a slight abnormality that has no more than a minimal effect on the ability to do basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

## 2. Analysis

The ALJ determined that Ms. Ferrari had the following severe impairments at Step 2 of the evaluation process: polyarthralgia and minimal degenerative disc disease of the lumbar spine. (Doc. 8 at 23.) Ms. Ferrari argues that the ALJ improperly omitted her diverticulitis and anxiety/depression. The Court disagrees.

The ALJ noted that the medical record indicated that Ms. Ferrari reported experiencing diverticulitis symptoms. (*Id.* at 21.) The ALJ, however, also noted that Ms. Ferrari responded well to prescription medication, and that she reported to her treating physician that her pain was "nearly completely gone" in September 2013. (*Id.*) Ms. Ferrari sought treatment for her diverticulitis four days later, and following an examination, her doctor stated that he thought Ms. Ferrari would benefit from a laparoscopic extended left hemicolectemy, which is an outpatient procedure. Given that pain associated with Ms. Ferrari's diverticulitis has responded well to prescription medication and according to her physician can be treated with a simple outpatient procedure, the Court determines that the ALJ did

not commit legal error in determining that her diverticulitis was not a severe impairment, and that this conclusion is supported by substantial evidence.

Ms. Ferrari also argues the ALJ erred by not categorizing her anxiety/depression as a severe impairment. The Court disagrees.

The ALJ acknowledged Ms. Ferrari had been treated for anxiety and depression. (Doc. 8 at 22.) Yet, the ALJ noted that in January 2013, Ms. Ferrari reported that her symptoms were under control and asked to be cleared to return to full-time work, which she was. (*Id.*) Thus, the Court finds that the ALJ's determination that Ms. Ferrari's anxiety and depression was not a severe impairment is not based on legal error and is supported by substantial evidence.

**B. The ALJ's assessment of Mr. Ferrari's residual functional capacity.**

**1.    Legal Standards**

A claimant's residual functional capacity is the type of work related activities a claimant can still perform despite her limitations. 20 C.F.R. § 404.1545(a). The ALJ must consider all relevant evidence in the record when determining a claimant's residual functional capacity. *Id.* The ALJ then determines a claimant's ability to perform the "physical, mental, sensory, and other requirements of work." *Id.* at (a)(4).

Commonly, the medical records will provide conflicting opinions and

evidence regarding a claimant's residual functional capacity. *Richardson v. Perales*, 402 U.S. 389, 399 (1971). It is the ALJ's duty to resolve these conflicts. *Id.* The ALJ must resolve any conflicts in the testimony and decide any questions of credibility. *Morgan*, 169 F.3d at 599. When a claimant has an impairment that could be expected to cause the symptoms she alleges and there is no evidence that the claimant is malingering, the ALJ must provide "specific, clear, and convincing reasons" for discrediting the claimant's testimony about the pain she suffers. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). A general credibility finding will not suffice. *Brown-Hunter v. Colvin*, 8006 F.3d 487, 490 (9th Cir. 2015). If the ALJ's findings are supported by reasonable inferences of the conflicting evidence in the record, a court must uphold them. *Molina v. Asture*, 674 F.3d 1104, 1111 (2012).

## 2. Analysis

Ms. Ferrari argues that the ALJ's residual functional capacity assessment is not supported by substantial evidence and is based on legal error because the ALJ improperly discounted Ms. Ferrari's subjective complaints. (Doc. 12 at 17.) The Court disagrees.

## Ms. Ferrari's subjective complaints

Ms. Ferrari testified that (1) she is always tired, and that her day typically

alternates between periods of napping and being awake; (2) she experiences

muscle pain and stiffness that prevent her from working; and (3) she has a social

phobia that interferes with her ability to be around others.

### i.     Ms. Ferrari's daily activities

An ALJ must consider a claimant's daily activities when determining her

residual functional capacity. 20 C.F.R. § 404.1529(c)(3)(I). An ALJ may

reasonably discount a claimant's subjective complaints when the claimant's daily

activities are inconsistent with his alleged symptoms. *Garrison*, 759 F.3d at 1016.

If the record is ambiguous or incomplete, a court has a duty to conduct an

appropriate inquiry. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The Ninth Circuit does not require, however, that the ALJ give the claimant a

chance during a hearing to explain inconsistent statements or other factors that lead

to a finding that a claimant is not credible. *Tonapetyan v. Halter*, 242 F.3d 1144,

1148 (9th Cir. 2001).

Here, the ALJ found that despite Ms. Ferrari's complaints regarding her

mental and physical limitations, she routinely socializes at friends' homes and less

frequently goes to bars. (Doc. 8 at 26.) The ALJ also noted that despite Ms.

Ferrari's claim that her physical pain prevents her from working, she applied for

several jobs and was approved for unemployment to work fewer than full-time

11

hours. (*Id.*) The ALJ determined that these activities showed that she could do more than she alleged. (*Id.*)

Ms. Ferrari argues that although she applied for unemployment benefits, applied for other jobs, and socialized with her friends, these were not major physical activities and have no bearing on her ability to work. (Doc. 17 at 14.)

The Court finds that the ALJ's determination that Ms. Ferrari's daily activities contradict her subjective complaints is not based on legal error and is supported by substantial evidence. Ms. Ferrari's arguments are merely an alternative interpretation of the evidence in the record. Because the Court finds that the ALJ's interpretation of the facts is not based on legal error and is supported by substantial evidence, it must be affirmed. *Molina*, 674 F.3d at 1111.

### ii. The medical record concerning Ms. Ferrari's complaints.

An ALJ must consider the objective medical evidence in the record when assessing a claimant's subjective complaints. 20 C.F.R. § 404.1529(c)(2). The ALJ may not rely solely on the fact that the medical evidence does not fully corroborate a claimant's subjective complaints to discount a claimant's testimony. *Rollins*, 261 F.3d at 857. Any inconsistences between the claimant's complaints, however, may be a relevant factor in the ALJ's decision. *Id.*

Here, the ALJ determined that the medical evidence was not consistent with

Ms. Ferrari's subjective complaints. (Doc. at 26.) The ALJ found that her subjective complaints conflicted with the finding of Dr. Adams, who found Ms. Ferrari's muscle twitches and tremors were treatable with over-the-counter medication and Dr. Klawiter, who found that Ms. Ferrari had "no abnormal movements," and "had full strength in the bilateral arms and legs, including the biceps, triceps, deltoids, hip flexion, knee extension and flexion, dorsiflexion and plantar flexion." (*Id.*) The ALJ also noted that Dr. Klawiter found that Ms. Ferrari had "normal gait and station . . . and was able to heel-to and tandem walk." (*Id.*) The ALJ further noted found that EMG and nerve condition studies "were normal and showed no evidence of polyneuropathy, mononeuropathy, radiculopathy, or myopathy." (*Id.*) Finally, the ALJ noted that in October 2012, Ms. Ferrari denied any joint pain or muscle weakness while she was treated for an ovarian cyst, that a lumbar spine X-ray taken in August 2012 showed minimal degenerative changes in the lower lumbar spine, and that a X-ray of her hip was negative. (Doc. 8 at 366-411.)

An ALJ is required to provide a "thorough discussion and analysis of the objective medical and other evidence in assessing a claimant's subjective complaints." SSR 96-8p, 1996 WL 374184, at *7. Yet, an ALJ is not required to "discuss all evidence presented to her" but instead must simply "explain why

significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Here, the ALJ noted specific examples where he found the medical record to contradict Ms. Ferrari's subjective complaints, including that she was able to do normal daily activities and that she reported no joint or muscle pain on at least one occasion. (Doc. 8 at 26.) The Court finds that this was sufficient to explain why the ALJ rejected Ms. Ferrari's complaints.

Finally, it is the ALJ's responsibility to determine the credibility of a claimant's subjective complaints and to resolve conflicts in the medical record. *Magallanes v. Bowman*, 881 F.2d 747, 750 (9th Cir. 1989). Substantial evidence review does not allow a court to reweigh evidence or substitute its judgment for the ALJ's. *Winans v. Bowen*, 843 F.2d 643, 644-45 (9th Cir. 1987). Although Ms. Ferrari argues that the ALJ erred by relying on reports that indicated her condition had improved, the regulatory scheme requires the ALJ to consider such evidence in making her determination. The Court, therefore, finds that the ALJ's determination that the medical record did not corroborate Ms. Ferrari's subjective complaints is supported by substantial evidence and not based on legal error.

### C.    Ms. Ferrari's extra-record evidence

Ms. Ferrari submitted evidence that post-dated the ALJ's decision to the

Appeals Council. She argues that the Appeal Council erred by failing to review the

ALJ's decision in light of this evidence. (Doc. 12 at 25.) Ms. Ferrari attached

copies of this evidence to her brief in this matter. (Doc. 12 Ex. A, Ex. B.) The

Commissioner moved to strike this evidence. (Doc. 13 at 17.) The Court

determines that this evidence is not part of the administrative record in this matter,

and therefore the Court may not consider it in its review of the ALJ's decision. The

Court grants the Commissioner's motion to strike this evidence.

### 1.    Legal standards

When a claimant submits new and material evidence to the Appeals Council,

the Council may consider the evidence the new evidence "only where it relates to

the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §

404.970(b)(1). The regulations require the Appeal Council to return to the claimant

any additional evidence that does not relate to the period on or before the date of

the ALJ's decision. 20 C.F.R. §§ 404.976(b)(1); 416.1576(b)(1). If the Appeal

Council considers new evidence when determining whether to review an ALJ's

decision, "the new evidence becomes part of the administrative record, and the

district court must consider when reviewing the Commissioner's final decision.

*Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The

Commissioner is required to file a certified copy of the record upon which the

decision of the ALJ is based. 42 U.S.C. § 405(g). A reviewing court may base its decision only on the pleadings and transcript of the record. *Id.* A reviewing court may only review an agency's final decision. *Id.* When the Appeal Council denies a claimant's request for review, the ALJ's decision becomes the final decision of the agency. 20 C.F.R. § 404.981. The Appeal Council's denial of a claimant's request for review is not subject to the Court's review. *Id.*

Here, Ms. Ferrari submitted to the Appeals Council evidence dated one year after the ALJ's decision. (Doc. 13 at 24.) The Council refused to consider this evidence because it was about a later time and did not have any bearing on whether she was disabled on or before the date of the ALJ's decision. (Doc. 8 at 2.) The Appeals Council informed Ms. Ferrari that she may file a new application for benefits based on this new evidence. (*Id.*) Ms. Ferrari argues that the ALJ considered the evidence in denying to review the ALJ's decision and thus, the evidence must be included in the record for the Court's review. The Court disagrees. The record indicated that the Appeal Council looked at the dates of the new evidence and determined that the evidence did not pertain to the time period covered by the ALJ's decision. The Court determines that this cursory review of the evidence does not rise to the level of consideration that would require the evidence to be included in the record before the Court. Thus, the Court grants the

Commissioner's motion to strike this evidence and will not consider it in its review of the ALJ's decision.

Ms. Ferrari argues that the Court found similar evidence warranted remand in a previous case–*Clark v. Colvin*, CV 15-34-GF-BMM-JTJ. (Doc. 17 at 9.) Yet, in *Clark* the Court found that the newly presented evidence was material to the ALJ's disability determination for the relevant time period. *Clark*, CV 15-34-GF-BMM-JTJ at 15. Here, Ms. Ferrari's newly presented evidence involves a time period that was not under consideration when the ALJ issued his decision.

In determining whether to remand a case in light of new evidence, a court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for failing to present the new evidence to the ALJ earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). To be material, "new evidence must bear directly and substantially on the matter in dispute." *Id.* (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)) (internal quotation marks omitted). Because Ms. Ferrari's newly presented evidence involves a time period that was not under consideration in the ALJ's decision, the Court determines that it is not material to the disability determination under review here.

For the reasons stated above, the Court issues the following order:

1.      Ms. Ferrari's Motion for Summary Judgement is DENIED.

2.      The Commissioner's Motion for Summary Judgement is GRANTED.

DATED this 17th day of August, 2017.


_____
John Johnston
United States Magistrate Judge